The United States Court of Appeals for the Ninth Circuit is now in session. Appellate Commissioner Peter L. Schock presiding. Good afternoon, this is the hearing in United States v. Jason Jayavarman, Ninth Circuit docket number 18-30131 and this is a hearing in response to Mr. Jayavarman's request to represent himself in this appeal after remand from the district court's resentencing of Mr. Jayavarman. All right, so in San Francisco we have me, the Appellate Commissioner of the Ninth Circuit. We have a translator here to assist as needed, my law clerk and my courtroom deputy and I will take an appearance from the United States. Good afternoon, Commissioner, my name is Andrea Hatton, I represent the United States of America. I'm an assistant United States attorney in Anchorage, Alaska. All right, and Ms. Hatton is appearing by telephone. I think we also have Mr. Jayavarman's trial court counsel. Yes? Yes, this is Paul Weiser, I'm appearing telephonically from Kenai, Alaska. All right, thank you, and so we're making a recording of this proceeding in the event that there's a need to have any record of it, we'll refer to the record, and we have the Khmer interpreter present for translation as needed. And I'm going to begin the process now by having my courtroom deputy administer an oath swearing in both the witness and the interpreter to make sure that all of the statements that you make are under penalty of perjury and that the interpreter is simultaneously swearing that that he will do his best job to translate accurately. So, would you go ahead and administer the oath? I will administer it to Mr. Kenai. Do you solemnly affirm that you will interpret faithfully and accurately in this matter now before this court? Do you so affirm? I do. Would you state your full name for the record, please? Rithi Lim, last name L-I-M. Thank you. And now... Would you please raise your right hand? Somebody look next time. Do you solemnly affirm that the statements you are about to make in this case now before this court will be the truth, the whole truth and nothing but the truth, and this you do under the pence and penalties of perjury? I'm going to interpret. I'm going to interpret. Would you please raise your right hand and state that the statements you are about to make in this case will be the truth, the whole truth and nothing but the truth. Do you solemnly affirm that? I do. I do. All right. You can put your hand down now. All right. Mr. Jayavarman, I want this hearing to go as efficiently as possible. I want to make sure that you understand everything that I'm saying to you, and I want you to feel free to ask for a translation of anything that you don't understand. But if you do understand things that I'm saying in English and you don't need a translation, I would, in the interest of moving this process along, ask that you answer in English if you feel comfortable doing so, and only ask for a translation where it's necessary. Did you understand what I just said in English? Yes, I do, sir. All right. Did you need any of that? Do you feel like you need any of that translated? I need him to stand by in case I don't understand something. I will ask him. Thank you. Please do feel free to do that if there's anything that you don't understand. That's why we have him here. All right. Do you have any physical or mental impairments that would affect your ability to participate fully and knowingly in these proceedings? No, I don't. And you understood everything I just said, correct? I do, sir. Good. Are you under the influence of any drug? No. Are you able to hear me and to respond freely? I am. All right. In response to your request to represent yourself in this appeal, the court has authorized me to conduct this hearing to make sure that you understand the dangers and disadvantages of self-representation on appeal, and that your request is knowing, intelligent, and unequivocal.  Yes, I do, sir. You have the right to counsel in this appeal. If you cannot afford to retain counsel, you are entitled to have counsel appointed to represent you at government expense. The court also has discretion to allow you to represent yourself if your request is knowing, intelligent, and unequivocal, and is not intended to delay the proceedings on appeal. In determining whether the court will allow you to represent yourself, the court will inform you of the dangers and disadvantages of self-representation on appeal. It will inquire whether the issues on appeal are so complex that the assistance of counsel would aid the court in deciding the case, and inquire whether granting self-representation could unduly burden the court for opposing counsel or undermine the integrity of the outcome. Do you understand? Yes, I do. You may withdraw your request for self-representation. And in that event, you may continue with retained counsel, or you may retain new counsel, or you may request that the court appoint counsel to represent you at government expense if you are unable to afford retained counsel. The Court of Appeals does not, however, permit the appointment of advisory or standby counsel, so you may not represent yourself and simultaneously have counsel appointed to represent you. Do you understand all that? Yes, I understand all that. Good. All right. What I would like to begin with is to have you briefly describe your education, your job history, and your relevant writing experience. So let's begin with your education. I was born and raised in Cambodia. I attended school through 12th grade. I came to the United States as a war refugee in 1988 and became a U.S. citizen in 1994. Since I came into prison in 2013, I took classes and also a United States team, and I enrolled in college classes to further my education. I spent a lot of time doing legal research and helping other inmates prepare their legal briefs, motions, and pleadings. I learned a lot of English while I was in prison, and I did a lot of research on my case. I have 10 years' life experience and 10 years' hearing experience. And I think you are the speaker for the intended appeal point. And what specific training, what kind of classes have you taken in the prison that have trained you on legal analysis or research techniques or legal writing? No, they have a lot of computer typewriters, and everyone has to go and do research on their own cases. But they have lectures that you can look up on the case law. And if I have any questions, they have a house lawyer there to answer questions. And you said you took some college classes. What classes did you take? Oh, I was writing an English administration business. I just started to enroll in the classes to begin in a week. Before you were in prison, what jobs or businesses were you involved in between the time 1988 to 2013? I bought and sold properties. I started a youth hostel in Greater Alaska in 1996. I'm self-employed. I don't work. I own a small business in Greater Alaska. And is this a tourist business, the youth hostel? Yes, accommodation like a motel, I think. All right. Have you ever represented yourself in a court proceeding? No, I haven't. But during the sentence hearing, I raised quite a few issues. And the court advised me to seek review from the 9th Circuit of this case again. All right. And why is it that you want to represent yourself when you're entitled to have an attorney represent you? Because my lawyers don't seem to argue the case that's charged in the indictment. They argue a case that's not in the indictment. And they don't represent me effectively. And I know the case more than they do, it seems like. All right. Well, before I go further with the description of dangers and disadvantages, I want to just make sure that you understand the scope of this appeal and what you can raise on this appeal at this time. So, our court has already affirmed your conviction on the substantive count. It reversed your conviction on an attempt charge and remanded to the district court for resentencing to see whether the fact that they vacated one of your convictions would affect the sentencing. So, what the district court was doing in that remanded proceeding was limited to following what this court, the 9th Circuit, had directed it to do. And that was to resentence you based upon the new information that the attempt charge was improper. The district court did that, issued a new sentence, and you filed a notice of appeal from that new sentence. The only matter that's properly before this court now in this appeal is the question whether there was some error in the district court's proceedings in the remand. So, the only thing that you could raise now in this appeal has to do with whether the district court made some error in resentencing according to the court's remand. Do you understand all of that? Yes, I do, but I read an issue on two charges in one count and my lawyer never mentioned about it. All right, well, that was... I'm sorry. That was something that you might have been able to raise and there was at least a similar issue raised in the first appeal. But there is now no way that you can raise that in this appeal. You also cannot raise in this appeal any issue concerning your assertion that you received ineffective assistance of counsel based on matter that occurred outside the court, that's outside the record. So, let me move to you. So, for example, you want to raise the issue of ineffective assistance of counsel for allowing the government's plea offers to expire without advising me or allowing me to consider and for failing to raise objections prior to or during trial to duplicity of the indictment. Now, all of that may be true and you may have an ability to raise that issue, but you can't raise it in this appeal. There is a mechanism for you to raise those kind of issues and that is by filing a motion under 28 USC section 2255. Are you familiar with that statute? Yes, sir, I do. 2255. And the reason I raised that in this report because my lawyer never raised any of these issues. My lawyer argued a case that is not charged in indictment. He is supposed to raise about the government's formal plea offer. He never raised about this in the court appeal and he never raised about the two charges in one count as a part of me. That's why I raised my own and I feel like I do this on my own. Right. Well, you can do it on your own, but what I'm suggesting to you is that you can't do it in this appeal. You have to do it by raising it in a 2255 motion filed in the district court, in which case you can raise all those issues. And in particular, any issue in which you have to rely on evidence or information that occurred outside of the court that's not on the record. So, for example, if you contend that there was something flawed about the process of plea offers and that your attorney didn't communicate effectively to you. Let's hypothetically say that was your argument. You couldn't raise that without presenting some evidence of what did or did not occur. In other words, you would have to establish that he didn't communicate with you effectively. In order to do that, you have to make a record of that. Well, we don't have a record of that now. There's nothing even in the first appeal or on the record of the district court, or particularly not in the second appeal, that's evidence that goes to the question of the communication. You would have to raise that in a 2255 action in the district court and make assertions, allegations, put in declarations to try and establish the factual basis for your legal theories. Do you understand that? Yes, I do. But in this case, I just go ahead and look at 2255 after appealing. I'm sorry, I did not understand that. Could you say that again? So, I just go ahead and do my 2255 then. I think that, I mean, when I look at what you want to raise and I look at what the nature of this appeal is, it seems clear to me that you can't raise these issues in this appeal. So, if you want to raise these issues, you need to do a 2255. Now, I don't know whether you believe there's a basis for an appeal simply from the district court's decision to resent you to the 204 months rather than the slightly longer sentence. You have the right to appeal from that. So, I don't know whether you think that that's your choice. You can go forward with that appeal. But as to that appeal, there are other issues. None of the issues that you raise are relevant to that appeal. Does that make sense to you? Yes, it does, sir. But the court said that I have heard Mr. Jayvon raise a number of issues. Certainly, Mr. Jayvon will have the right to seek review from the 9th Circuit again on this case if he chooses to do so. That's what I interpret from that word that I can appeal on this appeal. I can raise this issue on this appeal according to the statement that was made. Well, the only thing that's appropriate to appeal now is what the district court actually decided in this case. Because it's clear the district court on remand clearly stated that it was limited by the remand to what the 9th Circuit had remanded to it. That's what the district court said. That was a correct statement of law. There really is no way. There's no other interpretation. The district court then discharged its obligation to follow the remand of the 9th Circuit. It went through a resentencing process. It announced a new sentence. The question of the validity of that resentencing is what's on appeal now. And the only thing that's on appeal now. So what the statement that the court made, it doesn't mean anything. The court said, I have heard Mr. Chamberlain raise a number of issues. And certainly Mr. Chamberlain will have the right to seek review from the 9th Circuit again of this case if he chooses to do so. Then I interpret from that statement that I'm able to raise all these issues. Do you have a copy of the district court's order? I do, sir. At this moment, I'm not allowed to have any paper. But I have this statement from the district court. On page 49, page 51, 52, on the resentencing transcript. Resentencing. Huh? Mute. Mute. Mute it. Mute. Okay, hold on. One moment. Okay. One moment. I need to confer with my law clerk just for a moment. He's talking about the statement the district court made in sentencing. There was a motion, oral motion made in sentencing. I can't tell if it was by the attorney or by the district court. And there's no record so far that I can get access to. That was in a- Where's the- He's saying that something- It's not on- Is this the order of remand? Where's the order of remand? I read it. No, no. The resentencing order that's now on appeal. I think that was here, right? I read it. Is it? Where's the order? It must be in there. This is a motion for a new trial. Government sentencing. The only thing we have is a minute order. It says that an oral motion- Oh, this one? Yeah. Is this it? I'm not sure that's it. Okay. Here, this is it. I was looking at the- And then page two, there's a motion. It's kind of- Or a motion to dismiss the indictment. Arguments heard. That's what he's talking about. Is this on the remand? This is at sentencing. Yes, on the remand. During the sentencing. I don't know what the district court said. Orally, that's all we have. That's the only record we have. Yeah, yeah, yeah. That must be what Mr. Giao- Okay. All right, I've looked for any indication in the remand of a statement like the one you made. I think there was such a statement at the original sentencing and that would have applied to the first appeal. But the first appeal was the one and only time that you could have raised those issues. Now, the only issues that are currently before the court is what happened in the remanded proceedings. So, the district court made a statement that I could take review from nine years ago to get another case, doesn't mean anything? That was at the first- That was at your first sentencing, right? That was in the first- No, this is the second sentencing. I mean, the recent sentencing hearing. All right. It's June 3rd. Okay, let me ask, Mr. Widener, maybe you can shed some light on this. To the best of your recollection, what representation did the district court make concerning the ability to argue issues on this second appeal? I do not recall specifically. You'd have to look at the transcript to see. Okay, we don't have the transcript here. Page 51. Page- Oh, it's not in there yet. We don't have it. I'm sorry, we don't have the transcript. We might be able to obtain it. But it still is not going to change. It's not going to change the scope of this review. The district court may have told you that you could try and raise whatever issues you can try and raise. A lot of district courts say that, but the fact of the matter is the scope of this court's review is now limited to what happened at that second appeal. And you don't get a chance to re-argue matters that you could have argued in the first appeal, unless you do so in a 2255 motion. But before we go on, Ms. Hatton, do you have any recollection along these lines? Excuse me. I'm sorry, I was not present. I am appellate counsel, only not involved in any regard in the prior district court proceedings. All right. Okay. So, there's nothing that the district court could have said that would open the door to raising issues other than what happened at the resentencing. In this appeal. As I told you, you're limited basically to a remedy under section 2255. Let me, hold on a second. Before we go on, let me ask Mr. Widener, you've heard this colloquy. Is there any other interpretation or any other view of the law that you think is appropriate or do you have any, another way of conveying this information that would be helpful in the hearing? Well, your honor, here's my position. I was trial counsel. I wasn't actually trial counsel, but I was counsel at the district court level after his initial trial in sentencing. I then filed certain post-trial motions and then I represented him on direct appeal. We lost a part of the direct appeal. We won part of the direct appeal and it was a remand for resentencing. I represented him on the resentencing. He actually filed a petition for red assertion where I pro se, and that was under procedures that were called to allow him to do that. I did not represent him on the petition for red assert. After the resentencing, I believe I filed a notice of appeal to preserve his rights on this appeal. But I don't want to be in a position, so I never agreed to represent him on this appeal. I didn't give him an invite specifically on this appeal. I don't think that's appropriate. So you haven't had any conversation with him about the scope of this appeal or representation? No. All right. Well, the scope of the appeal, he knows that I'm not, that I'm seeking to withdraw on this appeal. I only filed the notice to preserve his rights. Yes. I never agreed to represent him on this appeal. I understand, and I do appreciate your participating here today. Ms. Hatton, do you have anything to add about the legal framework as I've described it? No, I don't think so. Okay, thank you. All right. So, we're at a stage where I'm not inclined to grant you leave to represent yourself if you're going to attempt to file a brief that's going to raise all these issues that I think are not properly before the court. You understand that? Yes, I do. In that case, I just withdraw. You want to... I want to appeal. You want to... I want to appeal now. You want to withdraw this appeal? You want to voluntarily dismiss this appeal and file a 2255? Yes. That's right, sir. All right. You understand that by withdrawing this appeal, you will lose the opportunity to attack the validity of the district court's extension year to 204 months. Because this statute requires a 15-year minimum. And even if I file a motion to challenge their sentencing, it wouldn't do any wasting of time. So I just go ahead and go to the 2255. I see. All right. Because my... I think that that is a sensible approach for you to take at this stage given what your goals are. If you were to file a brief raising these issues, the government would file a motion to dismiss based upon the fact that all of these matters are outside the scope of the appeal and the court would undoubtedly grant the motion to dismiss the appeal. For the reasons that I've already stated. But you do have the right to move forward with your 2255. You would file that. Well, you may even know this because of your experience in the prison. You probably have some exposure to 2255 and know what that's designed to do. Is that correct? Yes, sir. It's correct. So how about my appeal, my first appeal? The issue is not in the first appeal. My trial lawyer never told me about the formal... at least two formal offers from the government. And he never told me about the offer. He told me about the government case falling apart. Yes, I understand that. And you can litigate that. As I mentioned to you, you have to file a 2255 and set out those issues and explain what the factual basis are for those and why the fact that of what occurred may have violated your constitutional rights. And that you would do in a 2255 petition. All right? Yes, sir. I will do 2255 being a lawyer. I will have a lawyer do that for me. You will have a lawyer... You will retain a lawyer to do that for you? Yes, sir. All right. I would like to withdraw this appeal now. I don't want to appeal. I don't want to wait any time. All right. I understand. I will accept... I will issue an order that memorializes the fact that in this appeal you... in this... after this hearing you voluntarily relinquish your right to appeal and we're going to dismiss this appeal which means that your... obviously your motion to represent yourself will be moot. And then you will... you can go forward and litigate these issues in a 2255. All right? Your Honor, I have a couple of comments. Okay. Before we move on, Mr. Widener would like to say something. Yes. A couple of things. Well, can it be clear that I've... I've never agreed, I'm not... have I done no responsibility to file a 2255 action for him? No, absolutely not. You have no obligation. I'm going to grant your motion to withdraw from this appeal. All right. And any basis for representation would have to be negotiated outside of this court. Your representation does... Your representation does not continue for purposes of a 2255. All right. And then I just have one comment about the proceedings. I think your... Your Honor was correct in terms of your characterization of the procedural severity avenues that are open from an appeal from Judge Gleeson's recent ruling. But I did file a notice of appeal for him.  that could be validly pursued on appeal from Judge Gleeson's ruling. But I understand his position that he wants to raise these other issues which would be precluded. But I don't want the record to reflect that I'm telling him that he has a non-meritorious, a bad faith appeal to the extent he has an appeal. Right. I think my understanding is of his position, and please correct me if I'm wrong, Mr. Girovant, is that you feel like any appeal of the sentence is not worthwhile because of the 15-year minimum sentence that you would otherwise be subject to anyway. Is that correct? That's correct, sir, because there is a mandatory minimum of 15 years because somehow it has been a time of another 15-year minimum. And 17 years Alright. Do you understand Do you understand that your lawyer, Mr. Weiner, has just stated that he thinks there may be a basis, there may be arguable issues that the district court may have aired in the remanded re-sensing process? No, I don't think so. Alright. That's fine. Mr. Weiner, I very much appreciate your speaking up and making that statement, and now we have fully informed Mr. Girovant of that, of your position. I think you've discharged any ethical obligation you have to come forward and to represent your client zealously and effectively for purposes of this proceeding. So, I do appreciate that. Is there anything further, Mr. Weiner? No, I understand that my motion to withdraw is granted and I have no further professional responsibilities or ethical responsibilities to pursue any actions on his behalf. Right. That's correct. Ms. Hatton, is there anything further from the government with respect to this issue? Just so I'm clear, Mr. Girovant is representing to the Commissioner that he will be retaining counsel. Is that right? He is saying that he intends to retain counsel to file a 2255 motion on his behalf. That's my understanding. Is that correct, Mr. Girovant? It is. Alright, he said yes. Yes, he is. Okay, as opposed to relying on being appointed counsel? If it turns out that Mr. Girovant lacks the resources to retain counsel, he would have to apply in the District Court for appointment of counsel along with a statement of financial eligibility to do so. Thank you for clarifying that. I have nothing further. Alright. Do we want to file a written motion? Alright. Mr. Girovant, is there anything further that you wish to raise at this hearing? No, Your Honor. It's done very well. I don't have anything else to say. Good, alright. Thank you for participating. Thank you, Mr. Weiner. Thank you, Ms. Hatton. I want to thank the folks in Terminal Island for making this hearing happen. If anybody can hear me, thank you very much. And this hearing is now terminated. Thank you. Good afternoon. This Court, for this session, stands adjourned.
judges: Appellate Commissioner Shaw